UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



JEROME WILLIAMS, 91B0175

    Plaintiff,

-v-

COLVIN, D.S.S.,

    Defendant.

**DECISION and ORDER**
10-CV-6188CJS

## INTRODUCTION

Plaintiff, Jerome Williams, a prisoner housed at Attica Correctional Facility[1], filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* (Docket Nos. 2, 6) and filed a signed Authorization (Docket No. 6). Plaintiff has also filed a second motion for appointment of counsel (Docket No. 5).

Plaintiff complains of being held in a Special Housing Unit ("SHU") for a lengthy period of time. He alleges that the Defendant is carrying over penalties from an earlier sentence into the sentence he is currently serving.

In a document entitled "Order to Show Cause for Preliminary Injunction and Temporary Restraining Order" Plaintiff requests that the Court issue an Order releasing him from SHU, discontinuing additional disciplinary sanctions, transferring him to a prison

---

[1] Plaintiff was housed at Five Points Correctional Facility when he initiated this action and has since been transferred to Attica Correctional Facility.

with multiracial, medical and mental health staff, and removing his "CMCA" status.[2] (Docket No. 1, attachment #1)

Plaintiff has had three or more actions dismissed as defined in 28 U.S.C. § 1915(g), and does not meet the "imminent danger" exception in §1915(g). Plaintiff's request to proceed *in forma pauperis* is, therefore, denied. Further, Plaintiff's request for appointment of counsel is denied.

## **DISCUSSION**

## **DISMISSALS AS DEFINED IN 28 U.S.C. § 1915(g)**

On April 26, 1996, the United States Congress passed a law entitled the Prison Litigation Reform Act ("PLRA") which amended, among other things, the provisions of the United States Code which relate to the filing of civil actions or appeals *in forma pauperis*, 28 U.S.C. § 1915. The PLRA amended § 1915 in part to require a court to dismiss a case under 28 U.S.C. § 1915(e)(2) "if the court determines that ... (B) the action ... (I) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). In addition, Congress added a new section to the statute:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[2] "CMCA" status appears to refer to the plaintiff's designation as a central monitored case ("CMC") by the New York State Department of Correctional Services.

2

28 U.S.C. § 1915(g). Thus, when an inmate has garnered three "strikes," as they have come to be known, the motion for *in forma pauperis* status must be denied unless plaintiff has asserted claims which indicate that he is in imminent danger of serious physical injury.

The Plaintiff has had three or more strikes for purposes of 28 U.S.C. § 1915(g). *See Williams v. Meloni, et al.*, 91-CV-00470-RJA(W.D.N.Y. Feb. 1, 1995)(dismissing complaint for failure to comply with Court Order and failure to state a claim); *Williams v. McGinnis, et al.*, 96-CV-6519-MAT(W.D.N.Y. Sept. 8, 1997)(dismissing complaint as a strike for purposes of 28 U.S.C.§1915(g)); and *Williams v. McGinnis*, No. 97-CV-6287-MAT(W.D.N.Y. Aug.18, 1997)(dismissing complaint as a strike for purposes of 28 U.S.C. § 1915(g)). Additionally, Plaintiff was denied *in forma pauperis* status and ordered to pay the filing fee in *Williams v. Zon*, No. 03-CV-6504-CJS(W.D.N.Y. Nov. 7, 2003).

## IMMINENT DANGER

The Court has reviewed Plaintiff's pleadings to determine if *in forma pauperis* status should be granted based on allegations of imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The Plaintiff's initial filing consisted of an "Affidavit" and "Order to Show Cause for Preliminary Injunction and Temporary Restraining Order" (Docket No. 1, attachment #1). Plaintiff states that the Defendant is carrying over penalties from an earlier sentence into the sentence he is currently serving and requests that the Court issue an Order releasing him from SHU, discontinuing additional disciplinary sanctions, transferring him to a prison with multiracial, medical and mental health staff, and removing his "CMCA" status.

3

Plaintiff has not alleged that he is in imminent danger of serious physical injury and does not meet the exception to the three strikes rule that would allow him to proceed in forma pauperis. See 28 U.S.C. § 1915(g).

**APPOINTMENT OF COUNSEL**

Plaintiff previously applied to the Court for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) (Docket No. 3). Plaintiff was advised that his request for appointment of counsel was denied as premature because there was insufficient information before the Court to make the necessary assessment of plaintiff's claims under the standards promulgated by Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997), and Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986), as issue has yet to be joined (Docket No. 4). Plaintiff has now filed another motion for appointment of counsel (Docket No. 5). This motion is denied for the same reason as in the prior order. It is Plaintiff's responsibility to retain an attorney or press forward with this lawsuit pro se. 28 U.S.C. § 1654.

**CONCLUSION**

Plaintiff has had three actions dismissed for purposes of 28 U.S.C. § 1915(g). Plaintiff has failed to provide sufficient allegations that he is under imminent danger of serious physical injury and his request to proceed in forma pauperis is denied. Plaintiff has until **August 10, 2010** to pay the filing fee of $350.00 or the action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). Plaintiff's request for appointment of counsel is denied.

4

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is denied;

Further, Plaintiff has until **August 10, 2010** to pay the filing fee of $350.00 or the action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g); and

FURTHER, that Plaintiff's motion for appointment of counsel is denied.

SO ORDERED

Dated: 7/11, 2010
Buffalo, New York

_____
WILLIAM M. SKRETNY
Chief Judge
United States District Court